## Commonwealth v. Moravian Dining Club

*Americo V. Cortese*, for complainant.
*Morton Witkin*, for defendant.

LEVINTHAL, J., May 26, 1949.—Defendants' preliminary objections to the bill in equity filed by the Commonwealth of Pennsylvania are predicated upon the notion that because a club liquor license was granted by the Liquor Control Board to corporate defendant the only method by which the bona fides of the club may be attacked is through quo warranto proceedings.

The bill avers that defendant corporation is not a bona fide "club" and that it does not come within the meaning of a "club" as defined in the Liquor Act; that the "club" has no primary interest or activity to which the sale of liquor is secondary; that the "club" is not a reputable group of individuals; that the "club" is not in bona fide existence; that the charter is not in

the possession of the original incorporators or their direct or legitimate successors; that the "club" has not and does not hold bona fide regular meetings; that the "club" does not conduct any legitimate business through any bona fide officers regularly elected; that the "club" has no regularly elected officers at all; that the "club" does not admit members by written application, investigation and ballot; that the "club" has no bona fide members; that the "club" does not maintain bona fide books; that the "club" operates as a speakeasy; that individual codefendant is in possession and control of the charter; that the "club" engages in no activity to foster its corporate purposes; that its corporate form is a camouflage; that the membership of the "club" are mere customers of the individual codefendant; that certain board minutes are intentionally false; that the individual codefendent has taken and assumed personal control, ownership and possession of the "club's" equipment, effects, records, license, liquor and charter for his own personal business; that the "club" is a private, illegal and unlawful enterprise of the individual codefendant who took possession and control of the licensed premises on May 12, 1947, and has continued since then to buy and sell liquor therein for his own private business.

If the chancellor should find as a fact that the individual codefendant is actually conducting a liquor business for his own benefit and is exploiting a club liquor license for that purpose, we are all of the opinion that the Commonwealth is entitled to equitable relief, in accordance with the provisions of the Liquor Control Act of June 16, 1937, P. L. 1762, sec. 608(a) and (b), 47 PS §744.

Defendants' preliminary objections are therefore dismissed, with leave to defendants to file their answer to the bill within 20 days from the date hereof.